UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-CR-0023(1) (PJS/JJK) |
| | Case No. 14-CV-4953 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| PETER CHRISTOPHER NUNN, | |
| Defendant. | |

Peter Nunn, defendant pro se.

Defendant Peter Nunn pleaded guilty to two counts of interference with commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and was sentenced to 212 months in prison and three years of supervised release. He did not file an appeal.

This matter is before the Court on Nunn's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons that follow, the motion is denied. Because the record conclusively demonstrates that Nunn is not entitled to relief, no hearing is necessary. 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

Nunn raises a single ground in his § 2255 motion: He argues that the Hobbs Act was unconstitutionally applied to him because his offenses did not substantially affect interstate commerce. This claim is squarely foreclosed by Eighth Circuit precedent. *See*

*United States v. Dobbs*, 449 F.3d 904, 912 (8th Cir. 2006) ("robberies from small commercial establishments qualify as Hobbs Act violations so long as the commercial establishments deal in goods that move through interstate commerce"). In his plea agreement and during his plea colloquy, Nunn admitted that the stores he robbed were engaged in and affected interstate commerce, and he also acknowledged that the stores sold goods that had traveled in interstate commerce. In the Eighth Circuit, this is sufficient to establish the required nexus to interstate commerce under the Hobbs Act. *See id.* ("a statute with an express jurisdictional nexus to interstate commerce may be applied in circumstances where the actual connection to interstate commerce is small"). Nunn's § 2255 motion is therefore denied.

The Court also notes that Nunn's claim is procedurally defaulted because he did not file a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) (challenge to validity of guilty plea was procedurally defaulted because petitioner failed to raise it on direct appeal). Nunn argues that, because he is challenging the Court's jurisdiction, he may raise his claim at any time. A claim that a statute was unconstitutionally applied is not a jurisdictional argument, however. *See United States v. Foster*, 443 F.3d 978, 981 (8th Cir. 2006) ("Foster's challenge to the application and adequacy of proof of the interstate commerce element of the Hobbs Act does not extinguish federal jurisdiction."). Nonetheless, because Nunn's claim fails on the merits, the Court need not rely on this

ground in denying his motion.  *Cf. Dansby v. Hobbs*, 766 F.3d 809, 824 (8th Cir. 2014) (in a federal habeas challenge to a state conviction, district court should not have *sua sponte* dismissed a claim on procedural-default grounds without giving the parties notice and an opportunity to be heard).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 52] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 30, 2014    s/Patrick J. Schiltz
                             Patrick J. Schiltz
                             United States District Judge